# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| STATE OF WASHINGTON, | No. 57707-1-II |
|---|---|
| Respondent, | |
| v. | |
| ELIAS FREDY CAMACHO NÚÑEZ, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, C.J.— A jury convicted Elias Fredy Camacho Núñez of two counts of first degree rape of a child and one count of first degree child molestation. At sentencing, the trial court found Camacho Núñez indigent but imposed some legal financial obligations and other expenses.

Camacho Núñez appeals. He argues that the crime victim penalty assessment and DNA collection fee should be stricken from his judgment and sentence. He also contends that the trial court erred by not expressly "waiving" community custody supervision fees on the judgment and sentence. Finally, Camacho Núñez asserts that the trial court erred by imposing a community custody provision requiring him to pay for future polygraph testing used to monitor compliance with community custody conditions and treatment.

We remand for the trial court to strike the crime victim penalty assessment and DNA collection fee and to check the box expressly "waiving" community custody supervision fees. On remand, the trial court must reevaluate the provision requiring Camacho Núñez to pay for future polygraph testing in light of this opinion.

FACTS

After a friend's daughter reported that Camacho Núñez touched her inappropriately, the State charged Camacho Núñez with two counts of first degree rape of a child and one count of first degree child molestation. In 2022, a jury convicted him of all charges.

The trial court imposed a mid-range sentence of 189 months. And the trial court found Camacho Núñez indigent under RCW 10.101.010(3) based on his "financial status." Verbatim Rep. of Proc. at 718.[1] The judgment and sentence included two lines with check boxes next to them, one reading, "The defendant shall pay supervision fees as determined by the [Department of Corrections]," and the other reading, "The defendant is indigent and the payment of supervision fees is waived." Clerk's Papers (CP) at 64. The trial court did not check either box.

The trial court imposed the then-mandatory crime victim penalty assessment and DNA collection fee and waived other fees that were not mandatory, but the trial court did not explicitly say that it intended to impose only nonmandatory legal financial obligations. And as part of his community custody conditions, Camacho Núñez stipulated to, and the trial court imposed, a condition about polygraph examinations. The provision read, "You shall, at your own expense, submit to polygraph examinations at the request of [the Department] and/or your sexual deviancy treatment provider. Such exams will be used to ensure compliance with the conditions of community custody and of your treatment program(s)." CP at 74. On a separate list of crime-related community custody conditions, a requirement that Camacho Núñez undergo polygraph

---

[1] The judgment and sentence allowed the trial court to indicate via checking a box whether the defendant received public assistance, was involuntarily committed to a mental health facility, or received an annual income below 125 percent of the federal poverty level. The trial court checked the box indicating that Camacho Núñez was indigent but did not check any other boxes indicating how it had reached that conclusion. The State does not contest his indigence.

examinations as required by his community corrections officer did not include the clause requiring Camacho Núñez to pay for the cost of the exams.

Camacho Núñez appeals the imposition of legal financial obligations and the requirement that he pay the cost of polygraph examinations.

ANALYSIS

I. LEGAL FINANCIAL OBLIGATIONS

Camacho Núñez argues that we should remand for the trial court to strike the crime victim penalty assessment and DNA collection fee from his judgment and sentence. Trial courts may no longer impose the crime victim penalty assessment on indigent defendants or the DNA collection fee on any defendant. Former RCW 7.68.035 (2018), *amended by* LAWS OF 2023, ch. 449, §§ 1(4), 4. A new statute applies to all cases that were pending on direct appeal when the statute took effect. *State v. Jefferson*, 192 Wn.2d 225, 246, 429 P.3d 467 (2018). The trial court found Camacho Núñez to be indigent and the State does not contest that finding. Therefore, we remand for the trial court to strike those legal financial obligations.

II. SUPERVISION FEES AND POLYGRAPH EXAMINATION EXPENSES

Camacho Núñez next argues that the trial court improperly failed to "waive" community custody supervision fees on the judgment and sentence form and erred by imposing the community custody condition requiring him to submit to polygraph examination at his own expense. In part, he contends that the polygraph expenses constitute community custody supervision fees, which can no longer be imposed on indigent defendants. LAWS OF 2022, ch. 29, § 8(2)(d). Thus, Camacho Núñez reasons that we should remand for the trial court to strike the polygraph fee provision and "amend the judgment and sentence to specify that no community custody supervision fees are

authorized." Br. of Appellant at 6. The State's brief is neither clear nor precise, but it appears to respond that this issue is not ripe until the trial court affirmatively imposes fees related to community custody.[2]

We remand for the trail court to expressly "waive" the community custody supervision fees and to reevaluate the imposition of future polygraph expenses.

A.     Supervision Fees

To begin, trial courts may no longer impose community custody supervision fees on indigent defendants, and the new statute took effect before Camacho Núñez was convicted. LAWS OF 2022, ch. 29, § 8(2)(d). *See* RCW 9.94A.703; *Jefferson*, 192 Wn.2d at 246. On remand the trial court should expressly "waive" community custody supervision fees as provided on the judgment and sentence form.

B.     Polygraph Expense Provision

We next turn to the provision requiring Camacho Núñez to pay for any future polygraph examinations required to monitor compliance with conditions or treatment.

We note that Camacho Núñez apparently stipulated to the provision. "Nevertheless, appellate courts 'regularly exercise their discretion to reach the merits of unpreserved [legal financial obligation] arguments'" because the fines "can create a significant hardship for indigent defendants and severely hinder their reintegration into society." *State v. Ortega*, 21 Wn. App. 2d 488, 498, 506 P.3d 1287 (2022) (quoting *State v. Glover*, 4 Wn. App. 2d 690, 693, 423 P.3d 290 (2018)). Therefore, we exercise our discretion under RAP 2.5(a) to reach this issue.

---

[2] The word "polygraph" appears nowhere in the State's response brief.

Next, although the State's arguments are not clear, the State apparently contends that this question is not ripe until such fees are affirmatively imposed. But the Washington Supreme Court has held that a challenge to a trial court's imposition of a discretionary legal financial obligation satisfies the prerequisites for ripeness. *State v. Blazina*, 182 Wn.2d 827, 832 n.1, 344 P.3d 680 (2015).

Two different community custody conditions require Camacho Núñez to undergo polygraph examinations, but the conditions are inconsistent about whether they require Camacho Núñez to bear the cost of those examinations. Thus, it is not entirely clear whether the trial court intended to impose the expense of future polygraph testing on Camacho Núñez at all. In addition, one provision states that it would require Camacho Núñez to pay the expenses of polygraphs ordered both by his community corrections officer and his treatment provider. But if a future polygraph is ordered by a community corrections officer, the fee for the polygraph would be a community custody supervision fee that is now prohibited because Camacho Núñez is indigent. LAWS OF 2022, ch. 29, § 8(2)(d); *see* RCW 9.94A.703.

Thus, on remand, the trial court must also reevaluate the imposition of the polygraph expenses.

## CONCLUSION

We remand for the trial court to expressly "waive" community custody supervision fees and to strike the crime victim penalty assessment and DNA collection fee. On remand, the trial court must also reevaluate the condition imposing expenses for future polygraph testing.

No. 57707-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, C.J.

We concur:

Lee, J.

Price, J.